IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAVIER MARTINEZ, et al.,

      Plaintiffs,                      No. CIV S-07-2449 GEB DAD

      v.

CITY OF FAIRFIELD, et al.,           ORDER

      Defendants.

_____/

      Before the court is a motion titled "Joint Motion for *In Camera* Review of Confidential Documents" in which the parties request that the court review the complete confidential personnel files of defendant Steven Garcia and "other records in the custody of the City of Fairfield," determine the extent to which information should be disclosed to plaintiffs, and issue a protective order limiting the use of any information ordered disclosed. The motion appears to be premature.

      The parties' motion deals with discovery matters and is therefore governed by Local Rule 37-251. The rule requires that each specific discovery request and the response thereto "shall be reproduced in full" in the discovery motion. See Local Rule 37-251(c)(3). Although the motion before the court sets forth each side's version of the facts and each side's arguments about the discoverability of the requested files and records, the motion does not

1

reproduce the appropriate portions of plaintiffs' request for production of documents and does not reproduce defendants' responses or a privilege log regarding each document not produced. It appears that plaintiffs have demanded access to defendant Garcia's complete personnel files and other records so that plaintiffs' counsel can examine them for relevant information. It is not clear that a formal discovery request has been made or that a formal response has been served.

The undersigned will not undertake a generalized *in camera* review of defendant Garcia's entire personnel files and other records. If any *in camera* review is to be done, it will be limited to specific documents that defendants have determined to be responsive to plaintiffs' formal discovery request but which defendants refuse to produce due to a claimed privilege. Plaintiffs should consider other discovery methods, such as interrogatories and depositions, to determine whether there is any likelihood that the personnel file and other records contain particular categories of documents, such as written complaints made against defendant Garcia. Defendants should consider whether some documents can be produced after redaction of personal information such as addresses and financial information, and defendant should prepare a privilege log for each specific document they decline to produce.

Accordingly, IT IS ORDERED that the parties' June 9, 2008 joint motion for *in camera* review is denied without prejudice to the filing of a motion to compel or a motion for protective order if appropriate after the discovery dispute has been properly developed.

DATED: July 3, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.civil\martinez2449.mot.icr.ord