IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
JAVIER MARTINEZ, A MINOR CHILD by   )   2:07-cv-02449-GEB-DAD
and through PATRICIA MORALES AS     )
GUARDIAN AD LITEM,                  )   ORDER*
                                    )
          Plaintiff,                )
                                    )
     v.                             )
                                    )
CITY OF FAIRFIELD; STEVEN GARCIA,   )
and DOES 1-30,                      )
                                    )
          Defendants.               )
_____)
```

On July 8, 2008, Plaintiff moved to remand this action to state court under 28 U.S.C. § 1447 and for an order granting costs and attorney's fees. Defendants oppose the motion. For the following reasons, Plaintiff's motion to remand is granted and Plaintiff's request for attorney's fees is denied.

---

\* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

BACKGROUND

On September 26, 2007, Plaintiff filed a Complaint in the Superior Court of California for the County of Solano against Defendants alleging, *inter alia*, that Defendant Steven Garcia ("Garcia"), employed as a police officer for Defendant City of Fairfild, repeatedly punched Plaintiff causing head trauma after he was apprehended by other unnamed officers. (Compl. ¶¶ 3-13.) In the preliminary allegations section of his Complaint, Plaintiff alleges "Defendant GARCIA exceeded the authority invested in him as a police officer under the US Constitution and as an employee of Defendant FAIRFIELD." (Id. ¶ 3.)

Plaintiff's Complaint contains the following seven causes of action: (1) assault and battery; (2) violation of the California Civil Rights Act; (3) intentional infliction of emotional distress; (4) negligence; (5) negligent infliction of emotional distress; (6) negligent selection, training, retention, supervision, investigation, and discipline; and (7) respondeat superior. (Id. at 3:5-9:4.) Plaintiff alleges in his sixth cause of action (for negligent selection, training, retention, supervision, investigation, and discipline) that Defendants have a duty of care to properly and adequately select and train Garcia and that Defendants "have been given notice on repeated occasions of a pattern of ongoing constitutional violations and illegal practices by [Garcia.]" (Id. ¶¶ 38-39.) Plaintiff further alleges Defendants "have demonstrated deliberate indifference to this pattern and practice of constitutional violations and illegal practices" and their lack of adequate supervisory response "demonstrates the existence of an informal custom or policy which tolerates and promotes the continuing use of excessive

1  force against FAIRFIELD citizens . . . ." (Id. ¶¶ 40-41.)  Plaintiff
2  alleges in his seventh cause of action (for respondeat superior) that
3  Garcia and Does 1 through 15 "committed the acts . . . within the
4  course and scope of their employment . . . ." (Id. ¶ 44.)
5         On November 13, 2007, Defendants removed this action to the
6  Eastern District of California under 28 U.S.C. §§ 1331 and 1441(b) and
7  (c).  Defendants argued in their notice of removal that federal
8  question jurisdiction exists because Plaintiff alleged Garcia exceeded
9  his authority under the U.S. Constitution and because Plaintiff's
10 "Sixth and Seventh Causes of Action [allege] a clear claim for
11 liability under" Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691
12 (1978).  (Notice of Removal ¶¶ 2-3.)

                              STANDARD OF REVIEW

14        "[A]ny civil action brought in a State court of which the
15 district courts of the United States have original jurisdiction, may
16 be removed by [] the defendants, to the district court [] for the
17 district and division embracing the place where such action is
18 pending."  28 U.S.C. § 1441(a).  The removal statute is strictly
19 construed against removal jurisdiction, see Gaus v. Miles, Inc., 980
20 F.2d 564, 566 (9th Cir. 1992), and the party seeking removal "has the
21 burden of establishing that removal [is] proper."  Duncan v. Stuetzle,
22 76 F.3d 1480, 1485 (9th Cir. 1996).  There is a "'strong presumption'
23 against removal" with "any doubt" resolved in favor of remand. Gaus,
24 980 F.2d at 566.  Defendants' removal is premised on allegations that
25 federal question jurisdiction exists.  To sustain removal on this
26 basis, "a defendant [must establish] Plaintiff's case 'arises under'
27 federal law."  Franchise Tax Bd. v. Constr. Laborers Vacation Trust,
28 463 U.S. 1, 10 (1983).

ANALYSIS

Plaintiff argues his statement regarding Garcia's actions exceeding constitutional authority was "simply stating the authority of police officers in general. Federal jurisdiction does not arise where, as here, plaintiff refers to federal authority as evidence that defendant violated state law." (Mot. at 5:23-25 (citing ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Evntl. Quality of Mont., 213 F.3d 1108, 1113 (9th Cir. 2000)).) Plaintiff further argues he "has intentionally omitted any federal law causes that may have been available including *Monell* and claims under 42 U.S.C. [§] 1983." (Id. at 6:17-19.)

Defendants counter "[r]egardless of what a plaintiff chooses to label its cause of action, it is the specific allegations in support of that cause of action which control. . . . [The sixth] cause of action, which specifically incorporates all preceding paragraphs as though fully set forth therein, read in conjunction with Paragraph 3, alleges a *Monell* claim. A civil rights claim by its elements is based upon federal law." (Opp'n at 2:7-14 (citing Labram v. Havel, 43 F.3d 918, 920-21 (4th Cir. 1995) (holding dismissal of claim for "sexual molestation," which was not a recognized tort action, unwarranted where notice pleading standard was met to put defendant on notice of claim for battery)).)

"When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Rains v. Criterion Sys., Inc., 80 F.3d 339, 346 (9th Cir. 1996). Accordingly, even if Plaintiff's sixth and seventh cause of action

1  could constitute a Monell claim, they also constitute state tort
2  claims, and thus do not necessarily arise under federal law.  See Mary
3  M. v. City of L.A., 54 Cal. 3d 202, 209 (1991) ("The doctrine of
4  respondeat superior applies to public and private employers alike.");
5  White v. Super. Ct., 225 Cal. App. 3d 1505, 1511 (1990) (Recognizing
6  causes of action for "negligent hiring, training, and retention and
7  for failure to train, supervise, and discipline" against the City and
8  County of San Francisco for police officer's misconduct.).

9           Nonetheless, federal question removal jurisdiction exists
10 where a state law claim "necessarily raise[s] a stated federal issue,
11 actually disputed and substantial, which a federal forum may entertain
12 without disturbing any congressionally approved balance of federal and
13 state jurisdictional responsibilities."  Grable & Sons Metal Prods.
14 Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).  Here,
15 Plaintiff's sixth cause of action contains allegations of "excessive
16 force" and that Defendants "have demonstrated deliberate indifference
17 to this pattern and practice of constitutional violations **and illegal**
18 **practices** . . . ."  (Compl. ¶¶ 39-40 (emphasis added).)  These
19 allegations appear to raise federal constitutional violations, but any
20 stated federal issue is not a **necessary** element of Plaintiff's sixth
21 cause of action because that claim could also "be supported by
22 alternative and independent" state law theories of liability.  Rains,
23 80 F.3d at 346.  The federal constitution is not expressly mentioned
24 except in the preliminary allegations section of the Complaint, and
25 the referenced illegal practices could be based on the claims that
26 Defendant Garcia violated the California Civil Rights Act, California
27 Civil Code section 52.1.  (Compl. ¶¶ 19-22.)
28

1       Finally, Plaintiff's allegation in the preliminary section
2  of his Complaint that "Defendant GARCIA exceeded the authority
3  invested in him as a police officer under the U.S. Constitution . . ."
4  is insufficient to create federal question jurisdiction.  See Duncan,
5  76 F.3d at 1488 n.11 (holding plaintiff's incorporation by reference
6  of a general allegation that she owned the trademark to "Footsie
7  Wootsie" did not provide a basis for federal question jurisdiction
8  since the alleged state law claim was not necessarily based on the
9  misappropriation of the federal trademark).  Accordingly, there is no
10 federal question removal jurisdiction.

11      Plaintiff "requests [an] award [of] attorney fees incurred
12 in brining this motion" under 28 U.S.C. § 1447(c).  (Mot. at 6:24-26.)
13 Defendants argue Plaintiff "should not be awarded attorneys' fees
14 given his ambiguously phrased claims . . . ."  (Opp'n at 3:1-3.)

15      Under 28 U.S.C. § 1447(c), "[a]n order remanding the case
16 may require payment of just costs and any actual expenses, including
17 attorney fees, incurred as a result of the removal."  The "standard
18 for awarding fees . . . turn[s] on the reasonableness of the removal.
19 Absent unusual circumstances, courts may award attorney's fees under
20 § 1447(c) only where the removing party lacked an objectively
21 reasonable basis for seeking removal."  Martin v. Franklin Capital
22 Corp., 546 U.S. 132, 141 (2005).  Given a number of unclear provisions
23 in Plaintiff's Complaint, Defendants did not lack an objectively
24 reasonable basis for seeking removal.  Accordingly, Plaintiff's
25 request for attorney's fees is denied.
26 ///
27 ///
28 ///

CONCLUSION

For the reasons stated, Plaintiff's motion to remand is granted and Plaintiff's request for attorney's fees is denied. The Clerk of the Court shall remand this action to the Solano County Superior Court.

IT IS SO ORDERED.

Dated: August 12, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge